## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES—GENERAL

Case No. 8:26-cv-00287-KES                Date: March 30, 2026

Title:  LORELIE CLEMENS v. HOME DEPOT U.S.A., INC.

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|:---:|:---:|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|:---:|:---:|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**   **Order Taking Hearing Off Calendar and GRANTING Plaintiff's Motion to Remand (Dkt. 8)**

### I.   INTRODUCTION

On February 6, 2026, Defendant Home Depot U.S.A., Inc. ("Defendant") removed this case from the Orange County Superior Court ("OCSC").  (Dkt. 1.) On March 5, 2026, Plaintiff Lorelie Clemens ("Plaintiff") timely filed a motion to remand the case to the OCSC.  (Dkt. 8.)  Defendant filed an opposition.  (Dkt. 9.)

Pursuant to its authority under Local Rule 7-15, the Court takes the hearing set for April 7, 2026, off calendar.  See L.R. 7-15.

For the reasons stated herein, the Court grants Plaintiff's motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:26-cv-00287-KES                                    Date: March 30, 2026
                                                                          Page 2

## II.    PROCEDURAL HISTORY

On January 5, 2026, Plaintiff filed a complaint against Defendant and Does 1 through 20 in the OCSC alleging negligence and premises liability based on a fall she allegedly sustained on or around August 3, 2024, while walking inside a Home Depot store in Anaheim, California.  ("Complaint" at Dkt. 1 at 11-16.) Plaintiff served Defendant with the Summons and Complaint on January 7, 2026, and Defendant filed its answer on February 5, 2026.  (Id. at 25, 27-33.)

On February 6, 2026, Defendant removed the case to federal court based on diversity jurisdiction, stating that "for purposes of removal jurisdiction, Plaintiff is a citizen of California and Home Depot U.S.A., Inc. is a citizen of Delaware" and "the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) not including interest and attorney fees."  (Id. at 2-3, ¶¶ 9-10.)  Defendant served Plaintiff with the Notice of Removal (Dkt. 4) on February 6, 2026.  (Dkt. 5.)

On February 9, the Court issued a notice to the parties explaining that the case had been randomly assigned to Magistrate Judge Scott for all purposes and giving them an opportunity to submit a declination of consent.  (Dkt. 6.)  Neither party declined consent, meaning the case proceeds before Magistrate Judge Scott for all purposes.  (Dkt. 7.)

On March 5, 2026, Plaintiff filed a motion for leave of court to file a First Amended Complaint ("FAC") and remand the case to the state court.  (Dkt. 8.) Plaintiff seeks amendment to substitute Home Depot employee Brian Wallace, a citizen of California, in place of Doe 1, which would destroy complete diversity and necessitate remand.  (Id. at 6-8.)  Defendant contends in its opposition that Plaintiff is attempting a fraudulent post-removal joinder of a diversity-destroying defendant.  (Dkt. 9.)  Plaintiff did not file a reply.  As discussed below, the Court finds that amendment is proper.

## III.    LEGAL STANDARD

"Although the permissive standard of Federal Rule of Civil Procedure 15(a) allows for amendment as a matter of course prior to the service of a responsive pleading, the proper standard for deciding whether to allow post-removal joinder of a diversity-destroying defendant is set forth in 28 U.S.C. § 1447(e)."  Khoshnood v. Bank of Am., No. 2:11-cv-04551-AHM-FFM, 2012 WL 751919, at *1, 2012 U.S.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:26-cv-00287-KES                                    Date: March 30, 2026
                                                                       Page 3

Dist. LEXIS 30625, at *3-4 (C.D. Cal. Mar. 6, 2012) (citing Clinco v. Roberts, 41 F. Supp. 2d 1080, 1088 (C.D. Cal. 1999)).  The relevant statute provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  The Court's exercise of discretion is guided by the following factors:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant in state court; (3) whether there has been an unexplained delay in seeking to join the new defendant; (4) whether plaintiff seeks to join the new party solely to defeat federal jurisdiction; (5) whether denial of the joinder would prejudice the plaintiff; (6) the strength of the claims against the new defendant.

Boon v. Allstate Ins. Co., 229 F. Supp. 2d 1016, 1020 (C.D. Cal. 2002) (citing Clinco, 41 F. Supp. 2d at 1082).  "A court need not consider all the issues, as any factor can be decisive, and no one of them is a necessary condition for joinder." Leyba v. Walmart, Inc., No. 2:20-cv-07604-ODW-E, 2021 WL 8893640, at *2, 2021 U.S. Dist. LEXIS 259072, at *4 (C.D. Cal. Feb. 2, 2021).

## IV.    PLAINTIFF'S FACTUAL ALLEGATIONS

In her Complaint, Plaintiff alleges that, on or around August 3, 2024, she "tripped on an object protruding into … the aisleway and/or customer walkway" while walking inside a Home Depot store in Anaheim, California, "causing her to fall and sustain serious bodily injuries."  (Dkt. 1 at 13-14, ¶¶ 10, 18.)  She further alleges that Defendant knew or should have known that the protruding object, believed to be a pallet, "constituted a dangerous condition, which caused foreseeable harm to Plaintiff."  (Id. at 14-15, ¶ 19.)

Plaintiff's proposed FAC adds Mr. Wallace, a Home Depot employee, as a defendant, (Dkt. 8 at 25, ¶ 3), and alleges, "[Mr. Wallace] is believed to have been leading Plaintiff through the store aisles of [Home Depot] when Plaintiff tripped on an object protruding into the aisleway and/or customer walkway …."  (Id. at 26, ¶ 14; see also id. at 29, ¶ 26.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:26-cv-00287-KES                                           Date: March 30, 2026
                                                                          Page 4

## V.    ANALYSIS

### A.    Just Adjudication.

Federal Rule of Civil Procedure 19(a) "requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." Clinco, 41 F. Supp. 2d at 1082 (citing Fed. R. Civ. P. 19(a). "This standard is met when failure to join will lead to separate and redundant actions, but it is not met when defendants are only tangentially related to the cause of action or would not prevent complete relief." Boon, 229 F. Supp. 2d at 1022 (citation modified).

Plaintiff argues that Mr. Wallace must be added in order to hold him "accountable for his conduct and for his failures to act." (Dkt. 8 at 6.) Defendant, not surprisingly, disagrees.

First, citing Perez v. Van Gronigen & Sons, Inc., 41 Cal. 3d 962 (1986), Defendant contends that Mr. Wallace cannot be an indispensable party pursuant to Rule 19(a) because his liability would be imputed to Defendant, his employer. (Dkt. 9 at 6-7.) That is an oversimplification of the law. The fact that Mr. Wallace is an employee of Defendant "does not absolve [him] of individual liability for h[is] alleged negligent acts." Claar v. Centaur Holdings U.S. Inc., No. 5:22-cv-00742-SHK, 2023 WL 359489, at *8, 2023 U.S. Dist. LEXIS 11456, at *20 (C.D. Cal. Jan. 19, 2023); see also Liepmann v. Camden Co., No. 2:19-cv-07348-DMG-E, 2019 WL 5420281, at *2, 2019 U.S. Dist. LEXIS 184472, at *5-6 (C.D. Cal. Oct. 22, 2019) (quoting Perkins v. Blauth, 127 P. 50, 52 (Cal. 1912)) ("[L]ong-settled California law provides that '[i]f a tortious act has been committed by an agent acting under authority of his principal, the fact that the principal thus becomes liable does not of course exonerate the agent from liability.'").

Second, Defendant contends that there is "no causal connection" between Mr. Wallace's conduct and Plaintiff's alleged injury. (Dkt. 9 at 7.) Without citing the record, Defendant characterizes Mr. Wallace's role in the incident as simply an employee who "assisted Plaintiff at a computer terminal prior to her fall." (Id. at 7.) That is not what Plaintiff's FAC alleges. She contends that Mr. Wallace was "leading" her through the store at the time of her alleged fall—conduct that is not as passive as Defendant describes. (See Dkt. 8 at 26, ¶ 14; id. at 29, ¶ 26.) She

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:26-cv-00287-KES                                          Date: March 30, 2026
                                                                           Page 5

further alleges that Mr. Wallace should have been looking out for potential trip hazards, since he was choosing the pathway by leading her.  (Id. at 26, ¶ 15; id. at 29, ¶ 27.)  Plaintiff alleges that he was aware of the surroundings yet did not warn her.  (Id. at 26, ¶ 16; id. at 29, ¶ 28.)

The Court finds that joinder of Mr. Wallace is indispensable to a just adjudication.  Therefore, this factor weighs in favor of permitting amendment.

### B.      Statute of Limitations.

"Generally, if a statute of limitations does not bar a plaintiff from filing suit in state court, a federal court may be less inclined to permit joinder of a non-diverse defendant because the plaintiff could still theoretically seek relief from state court."  Yang v. Swissport USA, Inc., No. 3:09-cv-03823-SI, 2010 WL 2680800, at *4, 2010 U.S. Dist. LEXIS 76789, at *11 (N.D. Cal. July 6, 2010) (citing Clinco, 41 F. Supp. 2d at 1083).  That said, "where … a plaintiff would be required to litigate essentially duplicative federal and state lawsuits arising out of the same facts, the interest in conserving judicial resources and the risk of inconsistent results weighs in favor of allowing joinder."  Id. (citing IBC Aviation Servs., Inc. v. Campañía Mexicana de Aviación, 125 F. Supp. 2d 1008, 1012 (N.D. Cal. 2000)).

Although neither Plaintiff nor Defendant has raised the statute of limitations as an issue, the Court recognizes the risk of duplicative litigation should it decline to allow amendment.  As such, this factor tips the scale in Plaintiff's favor.

### C.      Unexplained Delay.

To determine whether to allow amendment to add a diversity-destroying defendant, "courts consider whether the amendment was attempted in a timely fashion."  Clinco, 41 F. Supp. 2d at 1083.  Six months after removal and four days before a summary judgment hearing is considered too late, Lopez v. Gen. Motors Corp., 697 F.2d 1328, 1332 (9th Cir. 1983), but less than three months after removal is presumptively reasonable, Boon, 229 F. Supp. 2d at 1016.

Delay is not a concern here, as Plaintiff filed her motion to remand on the basis of adding a nondiverse defendant within one month of Defendant's removal.  Plaintiff's timeliness supports the granting of her motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:26-cv-00287-KES                                   Date: March 30, 2026
                                                                      Page 6

### D.   Motive for Joinder.

"[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to the trial court's decision to grant the plaintiff leave to amend his [or her] original complaint."  Clinco, 41 F. Supp. 2d at 1083 (quoting Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1376 (9th Cir. 1980)).  "Motive is particularly important in removal jurisdiction cases where the consequences of joining a new defendant may defeat the court's jurisdiction."  Boon, 229 F. Supp. 2d at 1023 (citing Clinco, 41 F. Supp. 2d at 1083).

In Clinco, the district court noted that "the first amended complaint add[ed] a one-sentence allegation to the first cause of action and slightly alter[ed] the sixth cause of action" but was otherwise "substantially similar."  41 F. Supp. 2d at 1083 & n.2.  On that basis, the court concluded that "one could justifiably suspect that [the plaintiff]'s amendment of the complaint was caused by the removal rather than an evolution of his case."[1]  Id. at 1083.  "In contrast, in IBC, the court declined to attribute improper motive to the plaintiff 'simply because [it] s[ought] to add a nondiverse defendant post-removal'; rather, given the important role of the new defendant in the underlying events, the court concluded that the plaintiff's desire to add the new defendant was reasonable and justifiable."[2]  Zhang v. Saks, Inc., 3:09-cv-04447-EMC, 2009 WL 5125815, at *5,  2009 U.S. Dist. LEXIS 118333, at *14 (N.D. Cal. Dec. 21, 2009) (citing 125 F. Supp. 2d at 1012).

Plaintiff maintains that she "always intended to name the relevant Home Depot store employee as a defendant … but the employee's name was not initially known."  (Dkt. 8 at 6.)  The declaration of Plaintiff's attorney, Nichole Lahmani, provides: "Through her investigation, Plaintiff recently learned that [Mr. Wallace] was the Home Depot employee who was assisting Plaintiff at a computer terminal

---

[1] Additionally, the court in Clinco found the timing of Plaintiff's amended complaint to be suspicious, as it named a nondiverse defendant and was served on the defendants just two days after removal and filed with the district court, not the state court, only five days after removal.  41 F. Supp. 2d at 1081.

[2] The IBC court also contemplated the legislative history of § 1447(e) and interpreted the statute as providing flexibility and discouraging a reflexive inference of suspicion when faced with a party's request for amendment of the complaint to add a non-diverse party.  125 F. Supp. 2d at 1012.

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00287-KES                                     Date: March 30, 2026
                                                                              Page 7

shortly before Plaintiff and Mr. Wallace had to start walking in the aisleway ….”
(Dkt. 8 at 10, ¶ 4.)  To the contrary, Defendant argues that Mr. Wallace is a “sham
defendant” who is being added for the fraudulent purpose of forcing remand to the
state court.  (Dkt. 9 at 5 (quoting Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d
804, 807 (N.D. Cal. 1998)).

The Court recognizes that the Complaint initially filed in the OCSC did not
contain any allegations against a Doe defendant who specifically assisted Plaintiff
at a computer terminal and then walked with her in the aisleway where she fell.  It
simply alleges that Plaintiff “was walking” when the incident occurred  (Dkt. 1 at
13-14, ¶ 10, 18.)  There is nothing in the Complaint to suggest that anyone was
walking *with* Plaintiff, let alone “leading” her, as the proposed FAC states.  (See
Dkt. 8 at 26, ¶ 14; see also id. at 29, ¶ 26.)  Moreover, as in Clinco, the Complaint
and the proposed FAC are “substantially similar,” with the only additions being
factual allegations related to Mr. Wallace that were not previously alleged against a
Doe defendant in the original Complaint.  See Clinco, 41 F. Supp. 2d at 1083.

Furthermore, the present matter is distinguishable from IBC, where the
district court permitted the addition of a nondiverse defendant based on his
“important role … in the underlying events.”  Zhang, 2009 WL 512815, at *5,
2009 U.S. Dist. LEXIS 118333, at *14 (citing IBC, 125 F. Supp. 2d at 1012).  In
that case, the diversity-destroying defendant “refused to cooperate with [the
plaintiff], failed to provide equipment as provided in the [parties’] agreement,
interfered with [the] performance of the contract, and denigrated [the plaintiff] to
[its] affiliates and customers.”  IBC, 125 F. Supp. 2d at 1010.  In comparison, Mr.
Wallace is an employee of Defendant, who allegedly led Plaintiff through the store
and failed to “monitor[] the premises for the presence of dangerous conditions.”
(Dkt. 8 at 26, ¶¶ 14-15; id at 29, ¶¶ 26-27.)  Whereas the nondiverse defendant in
IBC was alleged to have actively engaged in intentional interference and personally
contributed to “the breakdown of the relationship between [the plaintiff] and
[defendants],” IBC, 125 F. Supp. 2d at 1010, 1012, the FAC does not allege that
Mr. Wallace’s individual conduct created or amplified the underlying danger.

Therefore, regarding Mr. Wallace, this Court finds that he did not play the
“important role” that allowed the IBC court to justify the reasonableness of the
plaintiff’s requested amendment and reject the defendants’ allegations of improper
motive.  The present matter is more akin to Clinco, since the only facts relating to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:26-cv-00287-KES                                     Date: March 30, 2026
                                                                        Page 8

an employee walking and "leading" Plaintiff at the time of the incident appear exclusively in the proposed FAC. Accordingly, as the district court found to be true in <u>Clinco</u>, it is reasonable to question Plaintiff's motive for joinder. This factor weighs in favor of Defendant and against amendment.

### E.    Prejudice.

"Courts have found significant prejudice where claims against proposed nondiverse defendants are so intimately connected to those against an original defendant that denial of joinder would force a plaintiff to choose whether to pursue redundant litigation in another forum at the risk of inconsistent results, or forego valid claims against the nondiverse defendants." <u>Yang</u>, 2010 WL 2680800, at *5, 2010 U.S. Dist. LEXIS 76789, at *15 (citing <u>IBC</u>, 125 F. Supp. 2d at 1013); <u>see also</u> <u>Oettinger v. Home Depot</u>, No. 4:09-cv-01560-CW, 2009 WL 2136764, at *4, 2009 U.S. Dist. LEXIS 64786, at *14 (N.D. Cal. July 15, 2009) (rejecting Home Depot's argument that "because [it] can fully satisfy a judgment [on its own], Plaintiff loses nothing by not having [the individual] … Defendant in the case").

Defendant argues that Plaintiff would not be prejudiced by the denial of joinder "as the joinder is fraudulent, and sought solely to defeat federal diversity jurisdiction." (Dkt. 9 at 7.) It continues, "Plaintiff's claims are addressed and may, if proven, be remedied by Home Depot, and joinder of [Mr.] Wallace is totally unnecessary to Plaintiff's claims." (<u>Id.</u>)

The Court disagrees with Defendant's contention that the sought joinder is clearly fraudulent and for the sole purpose of necessitating remand. Additionally, the fact that Home Depot *can* satisfy a full judgment does not mean that it *should*, or it *must*, do so—particularly where individual liability is also at stake. <u>See</u> <u>Oettinger</u>, 2009 WL 2136764, at *4, 2009 U.S. Dist. LEXIS 64786, at *14. The central point of the prejudice factor is whether denial of joinder would put Plaintiff in a difficult position whereby she must decide whether to sue Mr. Wallace in state court in a duplicative action or, alternatively, give up any claims she may have against him.

The Court finds that Plaintiff would wind up in this particular conundrum should joinder be denied, and therefore this factor supports amendment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:26-cv-00287-KES                                    Date: March 30, 2026
                                                                          Page 9

## F.      Strength of Claims.

Finally, courts consider "whether a new claim sought to be added seems to have merit."  Clinco, 41 F. Supp. 2d at 1083; see also Yang, 2010 WL 2680800, at *5, 2010 U.S. Dist. LEXIS 76789, at *14 (citing IBC, 125 F. Supp. 2d at 1012). Consideration of this factor requires an analysis of the newly alleged claims and their relative strength, Clinco, 41 F. Supp. 2d at 1083, which, in this case, are negligence and premises liability as attributed to Mr. Wallace.  (Dkt. 8 at 24-30.)

 "A claim for negligence requires alleging duty, breach of duty, causation, and damages."  Mayall v. USA Water Polo, Inc., 174 F. Supp. 1220, 1226 (C.D. Cal. 2016) (citing Friedman v. Merck & Co., 107 Cal. App. 4th 454, 463 (2003)). "In order to state a plausible claim, plaintiff must at a minimum indicate the facts that support each of those necessary elements."  Brown v. Contra Costa Cnty., No. 3:12-cv-01923-PJH, 2012 WL 4804862, at *6, 2012 U.S. Dist. LEXIS 145431, at *16 (N.D. Cal. Oct. 9, 2012).  Plaintiff alleges that Mr. Wallace acted negligently when he led her to trip on an object that was protruding into one of the store aisles. (Id. at 26, ¶ 14.)  The Court finds that Plaintiff's negligence claim is sufficiently strong on the merits at this early point in the litigation.

The same elements apply to premises liability: "a plaintiff must prove duty, breach, causation, and damages."  Orellana v. Target Corp., No. 2:18-cv-09047-DSF-JC, 2019 WL 4565174, at *2, 2019 U.S. Dist. LEXIS 131824, at *3 (C.D. Cal. Aug. 5, 2019) (citing Ortega v. Kmart Corp., 26 Cal. 4th 1200, 1205 (2001)). "Premises liability 'is grounded in the possession of the premises and the attendant right to control and manage the premises'; accordingly, 'mere possession with its attendant right to control conditions on the premises is a sufficient basis for the imposition of an affirmative duty to act.'"  Manion v. Costco Wholesale Corp., No. 3:26-cv-00898-AJB-MMP, 2026 WL 751426, at *2, 2026 U.S. Dist. LEXIS 55742, at *4 (S.D. Cal. Mar. 17, 2026) (citing Kesner v. Superior Ct., 1 Cal. 5th 1132, 1158 (2016)); see also Dirkes v. Sam's West, Inc., No. 2:22-cv-03466-JLS-MAR, 2022 WL 17098672, at *5, 2022 U.S. Dist. LEXIS 212995, at *12 (C.D. Cal. Sep. 7, 2022) ("As noted above, several decisions in th[e Central] District [of California] have held that store managers employed by the owner of the premises may be individually liable for negligence.").  Plaintiff alleges that Mr. Wallace "should have been monitoring the premises for the presence of dangerous conditions which could cause Plaintiff to trip on and/or over and sustain severe bodily injuries."

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00287-KES                                    Date: March 30, 2026

Page 10

(Dkt. 8 at 29, ¶ 27.)  She does not allege that Mr. Wallace was a store manager with a "right to control and manage the premises."  <u>See</u> <u>Kesner</u>, 1 Cal. 5th at 1158. Indeed, Defendant mentions that Mr. Wallace is a "sales associate."  (Dkt. 9 at 6.) The premises liability claim against Mr. Wallace is more uncertain than Plaintiff's negligence claim.  However, Plaintiff alleges that Mr. Wallace led her down the aisleway with the trip hazard, walking in front of her, enabling him to see the hazard, but he did not warn her.  (Dkt. 8 at 26, ¶¶ 14-16.)  Since there does appear to be a basis for individual negligence liability against Mr. Wallace, this factor supports amendment.

## VI.   ORDER

Although there is reason to question Plaintiff's motive for joinder due to the substantial similarity between her original Complaint and the proposed FAC but for the new factual allegations against Mr. Wallace, the need for just adjudication, paired with the other factors weighing in favor of amendment, warrant the granting of Plaintiff's motion.

The Court therefore GRANTS Plaintiff leave to file her FAC, which adds the nondiverse defendant Mr. Wallace, and consequently requires remand of this case to the OCSC.  Plaintiff shall file the FAC no later than **April 6, 2026**.  Once the FAC is filed, this case will be ordered REMANDED to the state court for further proceedings as it no longer satisfies the Court's subject matter jurisdiction.

Initials of Deputy Clerk <u>jd</u>